Jin Soo LEE, Petitioner-Appellant,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent-Appellee.

No. 75–2014.

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1976.

Leslie J. Frank, of Popkin, Shamir & Greenberg, Los Angeles, Cal., for petitioner-appellant.

William D. Keller, U.S. Atty. of Los Angeles, Cal., Brian H. Simpson, Atty. of I & NS, San Francisco, Cal., for respondent-appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and KING,* District Judge.

HUFSTEDLER, Circuit Judge:

Lee seeks review of a deportation order contending that the Immigration and Naturalization Service erred in denying his application for adjustment of status in that the Service made errors of fact and law in deciding that he was statutorily ineligible for relief. We agree with Lee that he was statutorily eligible for adjustment of status because, as a "religious worker" within the meaning of 29 C.F.R. § 60.7, he was entitled to an immediate immigration visa under 8 U.S.C. § 1255(a).

Lee, a 32-year-old married Korean citizen, legally entered the United States in 1968 as a nonimmigrant visitor. His status was changed in 1970 to nonimmigrant student with authorization to remain until September, 1973. In May, 1972, he applied for permanent resident status arguing visa availability as a religious worker. The Service denied his application in February, 1973, but granted him the privilege of voluntary departure. Lee continued his stay, and the Service commenced deportation proceedings in January, 1975, under 8 U.S.C. § 1251(a)(2). At his hearing he conceded deportability, but renewed his application for adjustment of status as a religious worker. The immigration judge denied the application on a finding that Lee was statutorily ineligible for adjustment of status because he was not a "religious worker" as defined in 29 C.F.R. § 60.7. The Board of Immigration Appeals affirmed the immigration judge and dismissed his appeal. This petition for review followed.

Our first task is to decide whether the Service's rejection of Lee's application for noneligibility is subject to our review on the abuse of discretion standard or on the broader review available under the substantial evidence test. When the sole question in a declination of adjustment of status case is whether the applicant was or was not statutorily ineligible, the standard of our review is the substantial evidence test. Unless the applicant is statutorily eligible for adjustment of status, no adjustment of status is permissible (8 C.F.R. § 242.17(d)); neither the Service nor the Attorney General has any discretion to exercise until the applicant clears the eligibility hurdle. Ac-

---

* Honorable Samuel P. King, Chief Judge, United States District Court, District of Hawaii, sitting by designation.

cordingly, the abuse of discretion standard is not appropriate in reviewing eligibility; the proper test is the substantial evidence standard. (*See, e. g., Foti v. Immigration and Naturalization Service* (1963) 375 U.S. 217, 228–29, 84 S.Ct. 306, 11 L.Ed.2d 281, 2 Gordon & Rosenfield, Immigration Law and Procedure, § 8.14, at 8–94 (Rev. ed. 1976).) As we stated in *dictum* in *Kasravi v. Immigration and Naturalization Service* (9th Cir. 1968) 400 F.2d 675, at 677, n. 3:

". . . A court may surely intervene . . . where a finding required by the statute is unsupported by reasonable, substantial or probative evidence. *Foti v. Immigration Service [supra]; Wong Wing Hang v. Immigration and Naturalization Service*, 360 F.2d 715 (2d Cir. 1966)"

Section 1255(a) of Title 8 requires factual findings to ascertain whether the applicant meets the legal standard prescribed by the statute, which, in pertinent part, states:

"(a) The status of an alien ·. . . who was inspected and admitted . . . into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved."

The Service concluded that Lee had not satisfied the statutory prerequisites and was thus not eligible for relief. Lee was eligible if he had either obtained an individual labor certificate, or if he qualified for an exemption from the certification requirement. He had no individual certificate; he contended that he was exempted because he was a "religious worker," entitled to "blanket certification," under 29 C.F.R. § 60.7, Schedule A, Group III. The question is whether Lee was a "religious worker," as that term is defined in sub-categories (a) and (c) of Group III:

"Group III: (a) Any person of any religious denomination whose regular profession or occupation is to conduct religious services, which he is authorized by his denomination to perform, and who is seeking admission to the United States in order to engage principally in such work.

. . . . .

"(c) Any other person seeking admission to the United States to perform duties related to the nonprofit operation of a religious organization (1) if the duties which he will perform involve special skills, training, and experience which the alien possesses and which are related to the religious objectives of the organization and (2) if he intends to be engaged principally (more than 50 percent of his working time) in such duties. Examples of persons coming within the subgroup are cantors and translators of religious tracts or texts who have the special capability of conveying through translation the spiritual message to which such tracts or texts are directed and who will be engaged in such endeavors."

The record shows that Lee had been employed as an assistant minister of the Dong Boo Presbyterian Church in Seoul, Korea, from 1963–68 and that he had attended training conferences for the ministry one month each year and regularly performed religious duties for five years in Korea. Lee obtained a degree in Industrial Management in 1965 while in Korea, and he originally entered the United States as an employee of an import-export firm. He studied engineering in the United States, but he left school in 1972 to work full time as an assistant to the minister of the Korean United Presbyterian Church in Los Angeles, an occupation in which he remains employed. From commencement of his work in the ministry, his entire income has been derived form his religious work. He testified that he intends to adhere to his religious calling.

The Service concluded that Lee did not qualify as a religious worker because he was not a minister and he did not have

**1386**

enough training to give him any special skills qualifying him for exemption. The immigration judge also concluded that his religious work was a sham undertaken to help Lee remain in the United States.

 The Service misread 29 C.F.R. § 60.7. The regulation does not require that an alien must be ordained as a minister of his church, or that he must meet some specific standards of training set by the Attorney General or by the Service to qualify as a religious worker. Rather, subsection (a) of the regulations leaves the determination of the qualifications of the alien to conduct religious services to the religious denomination for whom the person performs those services; the subsection requires only that performance of such services will be the alien's principal and "regular profession or occupation." Under subsection (c), a person cannot qualify as a religious worker unless he spends more than 50 percent of his working time performing duties relating to the religious objectives of his religious organization and the duties that the alien performs "involve [the alien's] special skills, training, and experience." Within the limits, the regulation leaves to the particular religious order for whom the alien works the establishment of the kind of skills, training and experience that specially qualify the alien for the religious duties that he performs. Lee has qualified within his church for part-time employment in the ministry of the church in Korea and for full-time employment by his denomination in the United States. His qualification as a religious worker within the meaning of 29 C.F.R. § 60.7 is not undermined by his training in non-religious fields or his period of employment in the import-export business.

The Service's conclusion that Lee's religious work is a sham is not supported by any evidence in the record.

 Lee has clearly discharged his burden of establishing his eligibility for adjustment of status. However, we remand this case for further proceedings in which Lee must show that adjustment of status "should be granted in the exercise of discretion." (*See* 8 C.F.R. § 242.17(d).)

REVERSED AND REMANDED.