**Ming WANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 78–3025.

United States Court of Appeals, Ninth Circuit.

Aug. 10, 1979.

John F. Sheffield, Los Angeles, Cal., for petitioner.

Dzintra I. Janavs, Los Angeles, Cal., for respondent.

* Of the Northern District of California.

1.  8 C.F.R. § 212.8(a) provides in pertinent part: The certification requirement shall not be applicable . . . to à nonpreference applicant

Before WRIGHT and KENNEDY, Circuit Judges, and SPENCER M. WILLIAMS, District Judge.*

PER CURIAM:

This petition for review presents two issues: (1) whether petitioner was properly denied an exemption from labor certification because of her dependence upon support payments from her estranged spouse abroad; and (2) whether the immigration judge failed to accord petitioner a de novo hearing on her adjustment of status application. Finding no error in the INS determinations, we affirm the Board of Immigration Appeals (BIA) order denying adjustment of status and directing voluntary deportation.

*FACTS:*

Petitioner is a native and citizen of China who last entered the United States from Hong Kong with her daughter on a temporary visa in August 1972. Since then, she has been separated from her husband, an accountant in Hong Kong, who has provided her support of $600 per month. After staying longer than authorized, she applied for adjustment of status as a permanent resident in the nonpreference category.

Relying on a regulation, she sought an exemption from labor certification, claiming that she had adequate financial resources to support herself without seeking employment.[1] The District Director refused exemption from labor certification and denied adjustment of status. The Regional Commissioner affirmed. *Matter of Wang*, Interim Decision 2404 (R.C.1975).

At the later deportation proceeding, Wang admitted deportability but renewed her application for adjustment of status. She submitted documentation of her hus-

for adjustment of status under section 245 who establishes that he will not perform skilled or unskilled labor.

band's income and assets, and his obligation to provide her $600 monthly support under a Hong Kong separation agreement. She has $26,000 in a savings account in the United States, generating an additional $100 interest income per month. She also owns a residence worth $80,000 but subject to a debt of $11,000. She has no other income or appreciable assets and estimates her monthly expenses at $450. She testified she had no intention of working in the United States and considered her marital separation to be permanent.

The immigration judge refused to exempt Wang from labor certification, finding she failed to prove financial self-sufficiency. The judge also disbelieved the genuineness of her separation, and hypothesized that she and her husband were trying to circumvent labor certification by immigrating in two stages.[2] Without an exemption from labor certification, Wang is statutorily ineligible for adjustment of status.

The BIA sustained the immigration judge and dismissed Wang's appeal on the sole ground that she could not be exempted from labor certification "on the basis of income from a source in another country, when that income may stop at any time." *Matter of Wang*, Interim Decision 2651 (BIA 1978).[3] This timely petition for review followed.

**2.** The judge reasoned that, if Wang was exempted from labor certification on the basis of support received from her husband abroad and granted permanent resident status, her husband would thereafter become eligible to enter the country as a second preference spouse of a lawful permanent resident. *See* 8 U.S.C. § 1153(a)(2). He could then avoid the labor certification requirement as a second preference immigrant.

**3.** Since the BIA did not rely on the immigration judge's findings that Wang's separation was not genuine and that Wang and her husband were trying to evade labor certification, we need not consider the issue here. *Yui Sing Tse v. INS*, 596 F.2d 831, 833 n. 3 (9th Cir. 1979). We note that these findings rested solely on the judge's disbelief of Wang's testimony and were unsupported by any evidence of the husband's immigration intentions.

*DISCUSSION:*

### I.

### STANDARD OF REVIEW

The material facts of Wang's financial circumstances are not in dispute. The question before us is one of law: whether the BIA applied the proper legal standard in concluding that exemption from labor certification under 8 C.F.R. § 212.8(a) was unavailable given the circumstances here. *See Yui Sing Tse v. INS*, 596 F.2d 831, 834 (9th Cir. 1979); *Marino v. INS*, 537 F.2d 686, 690 (2d Cir. 1976).[4]

### II.

### CRITERIA FOR EXEMPTION

The proper standard for exemption from labor certification under 8 C.F.R. § 212.8(a) is a question of first impression in this circuit. INS regulations must be consistent with the statutory purposes of the Immigration and Nationality Act. *Ruangswang v. INS*, 591 F.2d 39, 46 n. 12 (9th Cir. 1978).

The purpose of labor certification under 8 U.S.C. § 1182(a)(14)[5] is to exclude aliens competing for jobs American workers could fill and "protect the American labor market from an influx of both skilled and unskilled foreign labor." S.Rep.No.748, 89th Cong., 1st Sess., reprinted in [1965]

**4.** If the BIA decision had turned upon resolution of a factual dispute, review would be governed by the substantial evidence test. *Yui Sing Tse v. INS*, 596 F.2d at 834 n. 4; *Lee v. INS*, 541 F.2d 1383, 1384–86 (9th Cir. 1976).

**5.** 8 U.S.C. § 1182(a)(14) mandates the exclusion of:

Aliens seeking to enter the United Sates, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified . . . that (A) there are not sufficient workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.

U.S.Code Cong. & Admin.News, pp. 3328, 3333; *see Ruangswang v. INS*, 591 F.2d at 46 n. 12; *Mehta v. INS*, 574 F.2d 701, 704 (2d Cir. 1978); *Silva v. Secretary of Labor*, 518 F.2d 301, 310 (1st Cir. 1975).

▆▆ The grant of an exemption under 8 C.F.R. § 212.8(a) should not impair or sacrifice this objective of protecting the American job market from alien competition. Thus, factors bearing upon the possibility or likelihood of an applicant's entry into the labor market are a proper subject of inquiry in granting a certification exemption.

Without being exhaustive, these factors would include: (1) the extent of an applicant's financial resources; (2) whether the resources are sufficient for the applicant's reasonable needs; (3) how secure or assured the resources are; and (4) the applicant's employment intentions and skills.

▆▆ One seeking an exemption from labor certification has the burden of proving his or her entitlement to the exemption. *Lee v. INS*, 541 F.2d 1383, 1386 (9th Cir. 1976); *Thomaidis v. INS*, 431 F.2d 711 (9th Cir. 1970), *cert. denied*, 401 U.S. 954, 91 S.Ct. 973, 28 L.Ed.2d 237 (1971). We subscribe to the BIA's requirement that "proof . . . must be unambiguous and doubts should be resolved against the . . . claimant." *Matter of Ahmad*, 15 I. & N. Dec. 2316 (BIA 1974).

### III.

### DEPENDENCE UPON SUPPORT PAYMENTS FROM ABROAD

Wang's assets do not afford her financial self-sufficiency and would not exempt her from labor certification under the standards of past BIA decisions.[6] She is dependent upon her husband's $600 monthly support

payments. The BIA did not question that with those payments Wang would be self-sufficient and need not work. Thus the crux of its decision was that, although Wang's income was adequate, it was not sufficiently assured. We agree.

There are numerous risk factors associated with her income, including whether the husband would continue to abide by the support agreement, whether the agreement was practical to enforce, and how the eventual death of the 52-year old husband might affect her support. These factors made her income too unreliable to entitle her to an exemption.

▆▆ We note that, under BIA decisions, dependence on the support of others militates against exemption from labor certification. *See Matter of Fulgencio*, 16 I. & N. Dec. 2588 (BIA 1977); *Matter of Lee*, 15 I. & N. Dec. 2424 (BIA 1975).

▆▆ Similarly, offers of financial assistance not premised on an enforceable legal obligation are discounted in determining whether an alien is excludable as a "public charge." *See United States ex rel. Minuto v. Reimer*, 83 F.2d 166 (2d Cir. 1936); *United States ex rel. Smith v. Curran*, 12 F.2d 636, 638 (2d Cir. 1926); *United States ex rel. Azizian v. Curran*, 12 F.2d 502, 503–04 (2d Cir. 1926). *But see United States ex rel. DeSouza v. Day*, 22 F.2d 472, 474 (2d Cir. 1927).

INS regulations do permit a female alien intending to marry a citizen or permanent resident to be exempted from labor certification on the basis of a guarantee of support from the fiance.[7] In such cases, however, support is guaranteed by a person in the United States and the policy of facilitating formation of marital relationships is served. In Wang's case, support is provided by the spouse abroad from whom she was

---

**6.** *See Matter of Caralekas*, 15 I. & N. Dec. 2333 (BIA 1975) (remand for further findings upon showing of $200,000 in assets); *Matter of Redekop-Rempening*, 11 I. & N. Dec. 1603 (BIA 1966) (exemption granted upon showing of $5,000 in United States bank, 500,000 pesos in Mexican bank and extensive Mexican property including 2,400 acre cattle ranch).

**7.** 8 C.F.R. § 212.8(b) provides in pertinent part:
The following persons . . . do not require a labor certification: . . . (3) a female alien who intends to marry a citizen or alien lawful permanent resident of the United States, who establishes satisfactorily that she does not intend to seek employment in the United States and whose fiance has guaranteed her support.

separated, and there is no comparable policy interest involved.

■ In finding that Wang failed to carry her burden of proving reasonably assured financial self-sufficiency, we do not suggest that a foreign source of income per se precludes exemption from labor certification. We hold only that, in the circumstances of this case, financial self-sufficiency was not adequately shown.

## IV.

### CONDUCT OF THE DEPORTATION HEARING

Wang claims she was denied a de novo hearing on her adjustment of status application because the immigration judge treated the proceeding as an appeal of previous denials of the application by the INS. She also objects to the introduction of the prior INS decisions in the deportation record. Her claims lack merit.

■ She testified at length and was permitted to introduce a substantial amount of documentary material not previously introduced before the INS. She did not object to the introduction of the prior INS decisions. In denying her application, the immigration judge relied, in part, on grounds not set. forth in the prior INS decisions. We are convinced that Wang had a full and fair hearing on her status adjustment application and that the immigration judge did decide the issue de novo.

AFFIRMED.