**Robert YIU TSANG CHEUNG, Plaintiff-Appellant,**

v.

**DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.**

**No. 77–3033.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1979.

Decided Oct. 16, 1980.

As Amended March 13, 1981.

Max H. Danziger, Marina Del Rey, Cal., for plaintiff-appellant.

Eva Halbreich, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Before SNEED and TANG, Circuit Judges and SPENCER WILLIAMS *, District Judge.

SPENCER WILLIAMS, District Judge:

Robert Yiu Tsang Cheung appeals a decision of the United States District Court for the Central District of California granting summary judgment to appellees. The issue in this case is whether a professional who intends to practice his profession in this country may qualify as a business investor and thereby avoid the labor certification requirement. We hold that a professional may not and affirm the decision of the Immigration and Naturalization Service denying appellant business-investor status.

---

* The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

1. In pertinent part 8 U.S.C. § 1153(a)(8) provides:

   (a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

   .   .   .   .   .

   (8) Visas authorized in any fiscal year, less those required for issuance to the classes specified in paragraphs (1) through (6) and less the number of conditional entries and visas made available pursuant to paragraph (7), shall be made available to other qualified immigrants strictly in the chronological order in which they qualify. Waiting lists of applicants shall be maintained in accordance with regulations prescribed by the Secretary of State . . . .

2. Section 1153(a)(3) of Title 8 reads as follows:

   (a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

   .   .   .   .   .

   (3) Visas shall be next made available, in a number not to exceed 10 per centum of the number specified in section 1151(a)(ii) of this title, to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States.

## I. FACTS

Appellant is a native and citizen of China who resides in San Luis Obispo and who is self-employed as an optometrist. He filed with the Immigration and Naturalization Service (INS) on May 30, 1975 for a non-preference status visa, pursuant to 8 U.S.C. § 1153(a)(8),[1] and on January 12, 1976 for a third preference status visa, pursuant to 8 U.S.C. § 1153(a)(3).[2] The INS denied his application to obtain non-preference status as a business investor because it found he did not come within the meaning of 8 C.F.R. § 212.8(b)(4).[3] It denied his petition for a third preference status visa, as a professional, because the Department of Labor could not verify an unavailability of resident optometrists as required by 8

---

3. At the time of Cheung's application 8 C.F.R. § 212.8(b)(4) provided in pertinent part:

   (b) Aliens not required to obtain labor certifications. The following persons are not considered to be within the purview of section 212(a)(14) of the Act and do not require a labor certification: . . .

   (4) an alien who establishes on Form I–526 that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested, or is actively in the process of investing capital totaling at least $10,000, and who establishes that he has had at least 1 year's experience or training qualifying him to engage in such enterprise. . . .

   38 Fed.Reg. 1380 (1973).

   In 1976 the regulation was amended to read as follows:

   (b) Aliens not required to obtain labor certifications. The following persons are not considered to be within the purview of section 212(a)(14) of the Act and do not require a labor certification:

   .   .   .   .   .

   (4) an alien who establishes on Form I–526 that he has invested or is actively in the process of investing, capital totaling at least $40,000 in an enterprise in the United States of which he will be a principal manager and that the enterprise will employ a person or persons in the United States of which he will be a principal manager and that the enterprise will employ a person or persons in the United States who are United States citizens or aliens lawfully admitted for permanent residence, exclusive of the alien, his spouse and children . . .

   41 Fed.Reg. 37565 (1976).

U.S.C. §§ 1153(a)(8) and 1182(a)(14).[4] Cheung appealed both to the Department of Labor and to the District Director of INS for reconsideration and lost. In response to appellant's motion to reconsider the District Director explained, "To cloak an optometrist (a professional who will be employed in his profession) with the exemption from Labor certification as an investor (one who commits money in order to earn a financial return) is incompatible."

Subsequently, Cheung filed a complaint in the district court for declaratory relief. The district court concluded that professionals can qualify as business investors, but that Cheung, himself, did not satisfy the requirements of the regulation. In the court's view he was required to hire one or more optometrists to offset the adverse impact of his competition in the American labor market, and since he had hired only auxiliary personnel he did not qualify.

## II. QUESTIONS PRESENTED

■ On appeal, the questions presented are whether a professional who intends to practice his profession in this country may qualify as a business investor, and, if so, whether he must employ one or more members of his own profession to satisfy the requirements of the business investor exemption from labor certification. The facts are undisputed that appellant has otherwise satisfied the regulation by investing the necessary amount of money and obtaining the requisite experience. Our review of appellant's immigration status is limited to a determination of whether the agency applied the proper legal standard. See *Ming Wang v. INS*, 602 F.2d 211 (9th Cir. 1979); *Yui Sing Tse v. INS*, 596 F.2d 831, 834 (9th Cir. 1979).

## III. APPLICABLE LAW

The Immigration and Nationality Act establishes preference priorities for the issuance of immigrant visas. Professionals seeking to enter the United States may qualify under the third preference as "qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States." 8 U.S.C. § 1153(a)(3). They may also qualify under the sixth preference as "qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States," 8 U.S.C. § 1153(a)(6), or under the eighth, non-preference category, 8 U.S.C. § 1153(a)(8). All three of these categories, however, carry a statutory requirement that the alien obtain labor certification. 8 U.S.C. § 1153(a)(8). Such certification requires the Department of Labor to warrant that there are insufficient workers in the alien's occupational field in the geographic locations where he will be working, and that the immigrant's employment will not adversely affect wages

4. The relevant portion of 8 U.S.C. § 1153(a)(8) reads as follows:

(8) ... No immigrant visa shall be issued to a nonpreference immigrant under this paragraph (3) or (6) of this subsection, until the consular officer is in receipt of a determination made by the Secretary of Labor pursuant to the provisions of section 1182(a)(14) of this title.

8 U.S.C. § 1182(a)(14) provides in pertinent part:

aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

. . . . .

(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing and qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply ... to preference immigrant aliens described in sections 1153(a)(3) and 1153(a)(b) of this title, and to nonpreference immigrant aliens described in section 1153(a)(8) of this title.

and working conditions of workers in America similarly employed. 8 U.S.C. § 1182(a)(14).

Although the Act itself provides no exceptions from the labor certification requirement, the INS by regulation provides certain exceptions, one of which is known as the business investor exception. The regulation in effect at the time of Cheung's application stated that no labor certification was required for:

> [A]n alien who establishes ... that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested or is actively in the process of investing capital totaling at least $10,000 and who establishes that he has had at least one year's experience or training qualifying him to engage in such enterprise. 38 Fed.Reg. 1380 (1973), formerly codified 8 C.F.R. § 212, 8(b)(4) (1974).

The INS contends that to include professionals within this exception would circumvent and frustrate the statute. Appellant observes, however, that the plain language of the regulation does not exclude professionals, a point the district court found persuasive.

## IV. ANALYSIS

■ Basic principles guide this analysis. A regulation can only be effective to promote the purpose of the statute, *Ruangswang v. INS*, 591 F.2d 39, 46 n. 12 (9th Cir. 1978), and an agency's interpretation of its own regulation is usually given great deference by the courts, *United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977). Since the exemption from labor certification in this case is provided by regulation rather than by statute INS must take care to ensure the regulation is applied in a manner not inconsistent with the statute. The labor certification requirement was incorporated in the Immigration and Nationality Act to prevent "an influx of aliens entering the United States for the purpose of performing skilled or unskilled labor where the economy of individual localities is not capable of absorbing

them at the time they desire to enter the country." H.R.Rep. No. 1365, 82d Cong., 2d Sess., *reprinted* in [1952] U.S.Code Cong. & Ad.News 1653, 1705. *See also, Ming Wang v. INS*, 602 F.2d 211 (9th Cir. 1979); *Ruangswang v. INS*, 591 F.2d at 46 n. 12; *Mehta v. INS*, 574 F.2d 701 (2d Cir. 1978).

■ Exemptions from labor certification have existed in one form or another since 1966. They were promulgated initially because it was believed that certain specified individuals would not be competing with American laborers for skilled and unskilled positions. Over the years the business investor exception has been narrowed to avoid frustration of the labor certification requirements. In its original form the exception covered "an alien who will engage in a commercial or agricultural enterprise in which he had invested or is actively in the process of investing a substantial amount of capital." 31 Fed.Reg. 10021 (1966). In 1973 the regulation was amended to substitute a $10,000 investment and one year's training or experience in the place of a "substantial" investment. 38 Fed.Reg. 1380 (1973). The 1973 regulation was in effect at the time of Cheung's application. Subsequently, in 1976 the investor exception was again modified so as to take its present form requiring a $40,000 investment by the alien who will be a principal manager of an enterprise employing at least one person exclusive of the alien, his spouse and children. 8 C.F.R. § 212.8(b)(4) (1979).

The 1973 regulation, on its face, does not explicitly exclude professionals from investor status. However, the INS argues, and we agree, that such an interpretation is necessary to avoid frustration of the statutory labor certification requirement. The Act is direct and unambiguous in its mandate that all professionals seeking immigration visas under the third, sixth and eighth preferences must obtain labor certification. Allowing professionals to escape this requirement by the mere expediency of investment in the tools of their trade and hiring of associates or auxiliary personnel would countenance abandonment of labor

certification for every professional wealthy enough to establish his own practice. We see no reason to depart from the agency's interpretation of its own regulation, particularly where that interpretation appears necessary to give the regulation lawful application.

As we noted above, the Board has urged an interpretation of the regulation that assures the entering alien will not be an individual likely to replace an existing American aspirant. A professional may hire auxiliary personnel and professional associates, yet continue to fill a function readily available to American aspirants. The business investor exception was designed for the investor-manager who makes an income primarily from his investment rather than his labor. The investor-manager competes with other entrepreneurs to sell goods and services, but he does not compete directly in the market as a skilled or unskilled laborer. The activities of each entrepreneur are generally unique to his own enterprise, often requiring a special balance of skill, courage, intuition and knowledge. Among these, financial ability, fiscal courage, economic awareness, leadership, business acumen and common sense are but a few. By comparison, the professional who invests in, or purchases, a practice competes directly with all other professionals similarly employed in such practice. Labor, not capital, is the mainstay of his profession, and in most circumstances it is the size of his clientele and not the amount of his investment that permits him to take on associates. The entry of one professional into the labor market is not diminished by the fact he manages to associate himself with another professional.

However, if a professional were to use more than his licensed professional skills in his investment, such as setting up a series of optometry offices, or utilizing a unique marketing approach with other professionals, he might well be found to fall within the business-investor exception.

For the reasons given we believe INS correctly denied appellant a business investor exemption from labor certification. We disapprove the district court's finding that professionals who intend to practice their profession in this country may qualify for the business investor exception, but we affirm the judgment in favor of appellee.

TANG, Circuit Judge, dissenting.

I dissent respectfully.

For the purposes of avoiding the labor certification requirement, Cheung falls within the plain meaning of the regulation, 8 C.F.R. § 212.8(b)(4) (1974):

> (4) An alien who establishes on Form I–526 that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested, or is actively in the process of investing, capital totaling at least $10,000, and who establishes that he has had at least 1 year's experience or training qualifying him to engage in such enterprise . . .

Although the INS interprets this regulation to exclude professionals, deference need not be given to an agency construction that is clearly "contrary to the plain and sensible meaning of the regulation." *Ruangswang v. INS*, 591 F.2d 39, 43 (9th Cir. 1978). The district court reasoned, and I agree, that since professionals were not singled out as excluded from the alien investor exception, they are of necessity included.

Further, the majority implies that this regulation should be construed to exclude professionals because to do otherwise would render it violative of the statute. I do not find this rationale persuasive. The purpose of the labor certification requirement is to avoid the reduction of job opportunities. *See* H.R.Rep. No. 1365, 82d Cong.2d Sess. (cited in the majority's opinion). In the instant case, however, the record shows that Cheung would in fact be increasing job opportunities by employing two to three auxiliary persons. Therefore, I see nothing in the statute itself which would compel the construction adopted by the majority.

Finally, the majority expresses the apprehension that if professionals may qualify as investors, this would result in the "abandonment of labor certification for every

professional wealthy enough to establish his own practice." This, however, would not be the case. Like other investors, professionals, under the new regulation, have to make an investment of at least $40,000 and this investment must tend to expand job opportunities enough to offset the adverse impact of the alien's employment. Given these stringent requirements which are necessary in order to meet the investor exception to the labor certification requirements, I do not understand the need to discriminate against professionals by treating them differently from other investors.