**Verity GILL, Petitioner and Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent and Appellee.**

No. 80–7749.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 1981.

Decided Jan. 22, 1982.

Before ELY and NORRIS, Circuit Judges, and COPPLE,* District Judge.

ELY, Circuit Judge:

Gill seeks review, pursuant to 8 U.S.C. § 1105a, of a deportation order entered against him by the Immigration and Naturalization Service [INS]. He contends that the Board of Immigration Appeals [BIA] erred in finding him statutorily ineligible for adjustment of status. We reverse and remand for further proceedings.

■ Gill, a 46-year-old married male, is a native citizen of Singapore. He entered the United States at Honolulu, Hawaii, on September 7, 1975, as a nonimmigrant visitor. On October 6, 1976, Gill applied for permanent resident status, asserting eligibility as an investor under 8 C.F.R. § 212.8(b)(4).[1] Gill's application was denied by the District Director and an Order to Show Cause was issued against Gill on July 13, 1978. At his deportation hearing, Gill conceded deportability but renewed his application for permanent resident status. The immigration judge denied the application, holding that Gill had failed to establish an investment of $10,000 as of the application date and that Gill could "not use evidence of later years to prop up his October 6, 1976 application." Administrative Record [AR] at 47 (Oral Decision of the Immigration Judge) (citation omitted). The BIA affirmed, holding that later expenditures by Gill did not establish that he had invested or was actively in the process of investing $10,000 at the time of his application. AR 4, 28.

The sole issue presented here is whether Gill qualifies as an investor within the meaning of 8 C.F.R. § 212.8(b)(4), as it existed on October 6, 1976. If he qualifies, Gill is statutorily eligible for discretionary

Robert Grant Wealleans, Popkin, Shamir & Golan, Los Angeles, Cal., for petitioner and appellant.

Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for respondent and appellee.

---

* The Honorable William P. Copple, United States District Judge, District of Arizona, sitting by designation.

1. On October 7, 1976, one day after Gill's application, 8 C.F.R. § 212.8(b)(4) was amended to require: (1) investment of capital totaling at least $40,000; and (2) employment of at least one American citizen or permanent resident alien. Because Gill applied for adjustment of status prior to this amendment, these changes do not affect this appeal. *See Ruangswang v. INS*, 591 F.2d 39, 41 (9th Cir. 1978).

relief from deportation. 8 U.S.C. § 1255(a).[2]

8 C.F.R. § 212.8(b)(4), prior to the October 7, 1976 amendment, provided in relevant part:

(b) The following persons are not considered to be within the purview of [section 1182(a)(14)] of the Act and do not require a labor certification: ... (4) an alien who establishes on Form I–526 that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which *he has invested, or is actively in the process of investing,* capital totaling at least $10,000, and who establishes that he has had at least 1 year's experience or training qualifying him to engage in such enterprise ....[3]

(emphasis added).

Gill contends that, at the time of his application, he had invested $10,000.[4] Alternatively, he contends that he was "actively in the process of investing" $10,000 at that time. Both contentions were rejected by the BIA.

The BIA's factual determinations must be upheld if supported by "reasonable, substantial or probative" evidence. *Lee v. INS,* 541 F.2d 1383, 1384–85 (9th Cir. 1976). *See also Hirunpidok v. INS,* 641 F.2d 778, 779 (9th Cir. 1981). We are not bound, however, by BIA decisions based upon misapplication of the law. *Ruangswang v. INS,* 591 F.2d 39, 43 (9th Cir. 1978).

■ The BIA found that Gill had failed to establish that he had invested $10,000 as of the date of his application for permanent

resident status. Although the evidence is conflicting,[5] we conclude that this finding is supported by substantial evidence and must be upheld.

■ The BIA's determination that Gill was not "actively in the process of investing" is more troublesome. We conclude that the BIA misconstrued the "actively in the process of investing" provision of 8 C.F.R. § 212.8(b)(4).

■ We recognize that the BIA's interpretation of INS regulations is entitled to great weight. *See United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977). Nevertheless, it is well settled that the courts are not bound by interpretations that are "plainly erroneous or inconsistent with the regulation." *Id.,* 431 U.S. at 872, 97 S.Ct. at 2155. We conclude that the BIA's interpretation of "actively in the process of investing" was plainly erroneous and contrary to the plain meaning of the regulation. The BIA's impermissibly narrow construction rendered the "actively in the process of investing" clause of 8 C.F.R. § 212.8(b)(4) ineffectual. Such a construction violates the "general principle that an agency is to be held to the terms of its regulations." *United States v. Coleman,* 478 F.2d 1371, 1374 (9th Cir. 1973) (citations omitted). *See also Ruangswang v. INS,* 591 F.2d 39, 43 (9th Cir. 1978); *Hart v. McLucas,* 535 F.2d 516, 520 (9th Cir. 1976).[6]

■ The language of the regulation, "actively in the process of investing," necessarily "envisions a future-oriented examination of the alien's investment. Thus, the mere fact that $10,000 was not invested at

2. If Gill does not qualify as an investor, he is ineligible for discretionary relief and must be deported.

3. It is undisputed that Gill has met the experience requirement of § 212.8(b)(4).

4. Gill claimed to have invested a total of $10,266.50 as of the application date. The immigration judge and the BIA found the evidence offered to prove this investment unpersuasive.

5. The BIA's decision rested solely upon its doubts regarding the reliability of Gill's proffered evidence.

6. We recognize that, in certain cases, the BIA may announce new standards of conduct in adjudicatory proceedings. *See NLRB v. Wyman-Gordon Co.,* 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969); *SEC v. Chenery Corp. (Chenery II),* 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). We believe, however, that allowing the BIA to ignore the plain meaning of the regulation at issue here would be improper for the reasons stated in *Ruangswang v. INS,* 591 F.2d 39, 44 (9th Cir. 1978). *See also NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 294, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134 (1974).

the date of the application ... [is] not determinative of an alien's claim of investor status." *Sanghavi v. INS*, 614 F.2d 511, 514 (5th Cir. 1981). *See also Hirunpidok v. INS*, 641 F.2d 778, 779–80 (9th Cir. 1981). The critical inquiry is whether, at the time of his application, the alien is pursuing an ongoing and systematic plan to invest the requisite amount. Once the alien has demonstrated that he is engaging in a course of investment, expenditures made within a reasonable time after his application are clearly relevant in determining if the requisite amount has been invested. *Hirunpidok v. INS*, 641 F.2d at 779–80; *Sanghavi v. INS* at 514.

We do not mean to imply here that, in all cases, post application expenditures must be considered in determining if the alien was "actively in the process of investing" the required amount at the time of his application. Certainly, isolated expenditures, made long after the application date, may properly be discounted in determining whether the alien qualifies for investor status. *See, e.g., Sanghavi v. INS*, 614 F.2d at 514. Here, however, Gill had clearly evidenced his investment intention. He had made substantial investments in his business for advertising and solicitation of sales agents. He had purchased inventory and obtained licenses to operate in several cities. He had employed a secretary and a part-time bookkeeper. These expenditures are all indicative of a continuing investment pattern. Where probative evidence of such a pattern is present, as it is here, the plain language of 8 C.F.R. § 212.8(b)(4) requires a consideration of post-application investments in determining whether the alien has invested the requisite sum. *See Hirunpidok v. INS*, 641 F.2d at 779–80; *Sanghavi v. INS*, 614 F.2d at 514. Any other interpretation would render the "actively in the process of investing" clause a nullity.

In ruling that Gill had failed to establish that he was "actively in the process of investing" $10,000, the BIA pointed to no evidence in support of its decision, AR 28, and our review of the record discloses none. The BIA failed to consider evidence of Gill's investments in 1977[7] and grounded its decision on the conclusory statement that Gill had failed to establish that he was "actively in the process of investing" $10,000. *Id.* We believe that this decision is unsupported by any evidence in the record. Indeed, the evidence before the BIA clearly demonstrated that Gill was in the process of investing $10,000. From an initial investment of less than $10,000, Gill's business has grown considerably. Current yearly sales are in excess of $1,000,000. Gill's 1977 tax return discloses an investment in inventory alone of more than $30,000, well in excess of the $10,000 required by 8 C.F.R. § 212.8(b)(4). We conclude that, in failing to adequately consider Gill's post-application investments, the BIA erred. Accordingly, we remand for further proceedings not inconsistent with this opinion.

For the reasons set forth above, the decision of the BIA is

REVERSED.

---

**7.** Gill's 1977 tax return was made part of the administrative record and was available to both the immigration judge and the BIA.