**Gopalkrishna RAO and wife, Pramila G. Rao, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 81–4189
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1982.

Robert A. Shivers, San Antonio, Tex., for petitioners.

Stephen M. Weglian, Jr., Lauri Steven Filppu, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

PER CURIAM:

Golpalkrishna Rao and his wife are appealing a deportation order by the Board of Immigration Appeals. At issue is whether the Board of Immigration Appeals erred when it upheld an immigration judge's denial of Rao's application for an "investor" exemption from the labor certification required of aliens by 8 U.S.C. § 1182(a)(14). Rao's wife, Pramila, has also appealed as a derivative applicant and her application depends entirely on that of her husband.

I. *Background*

Golpalkrishna and Pramila Rao are citizens of India who entered the United States on May 28, 1975 as a nonmigrant student and the spouse of a nonmigrant student. They had permission to remain in the United States until February 13, 1977. Rao entered Sul Ross State University at Alpine, Texas, and received his master's degree in business administration on August 13, 1976. He then moved to San Antonio where he joined Sham Vaswani in the business of importing wholesale and retail jewelry, antiques, novelties, and clothing.

On October 1, 1976, Rao entered a partnership agreement with Vaswani. Under the terms of the agreement, Vaswani was to contribute $35,000 and the alien Rao was to contribute $10,500 towards the capital of the partnership. Vaswani was to receive seventy percent of the profits and Rao was to receive thirty percent of the profits. The terms of the agreement provided that "all property being made available to the partnership by Vaswani is solely for the use of the partnership and is to remain the property of Vaswani and returned to him on October 1, 1977, or upon dissolution of the partnership if prior to that date." The agreement also stated that Rao was to be responsible for all bookkeeping, accounting, and inventory control. Finally, the partnership agreement provided that the partnership was to be dissolved on the occurrence of any of the following events: (1) termination of the one-year term specified herein; (2) withdrawal of either party; (3) death of either party; or (4) mutual agreement of the two parties.

Having entered business in the United States, Rao filed an application on October 5, 1976, for adjustment of his status to that of a lawful permanent resident. In particular, he filed for the "investor" exemption from the labor certification required for aliens by 8 U.S.C. § 1182(a)(14). On December 8, 1977, fourteen months after Rao had applied for lawful permanent residency, his application was returned by INS without approval. On February 2, 1978, INS issued orders to show cause why the Raos should not be deported. A hearing on deportation charges was held on March 15, 1979, at which time the Raos renewed their applications for lawful permanent residency. On March 19, 1979, the immigration judge issued an opinion denying the application for adjustment of status, allowing the Raos the privilege of voluntary departure with an alternate order of deportation. The order of the immigration judge was appealed and the Board of Immigration Appeals denied the appeal on January 23, 1981, stating that the immigration judge did not abuse his discretion. The Raos now appeal to this Court.

## II. The Denial of the Raos' Application for Adjustment of Status as an Investor

Section 212(a)(14) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(a)(14) provides for the exclusion of aliens seeking to enter the United States for the purposes of performing skilled or unskilled labor, unless the Secretary of Labor has certified them. However, 8 C.F.R. 212.8(b)(4) in effect on October 5, 1976, provides an exemption from labor certification for aliens, as follows:

... (4) an alien who establishes on Form I–526 that he is seeking to enter in the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested or is actively in the process of investing capital totalling at least $10,000 and who establishes that he has had at least one year's experience or training qualifying him in such enterprise ....

8 C.F.R. § 212.8(b)(4).

It is well established, however, that an alien seeking an exemption from labor certification has the burden of proving his or her entitlement to the exemption. *Sanghavi v. INS,* 614 F.2d 511 (5th Cir. 1980); *Wang v. INS,* 602 F.2d 211 (9th Cir. 1979). The alien's proof must be unambiguous and any doubts should be resolved against the applicant. *Wang v. INS, supra* at 214. Based upon the record established in Rao's deportation proceeding, the immigration judge found that Rao had failed to meet his burden of establishing he was "actively in the process of" investing at least $10,000 in a commercial enterprise. Thus, Rao's application for an adjustment in status was denied.

The basis of the denial was the failure to prove unambiguous intent to invest the required $10,000 in funds. The partnership agreement between Rao and Vaswani stated that Rao was to invest $10,500. However, the agreement did not set a deadline as to when the alien was to invest his capital and it was clear that the alien could get out of this commitment at any time he

so chose. Furthermore, the alien only paid the balance of the $10,500 into the partnership after his original request for permanent status was denied. Finally, the INS asserts that it is reasonable to infer that the partnership agreement was nothing more than a sham designed to skirt the immigration laws and that in reality Rao was nothing more than an employee who was to handle the bookkeeping and accounting processes of the business.

This Court must affirm the decision reached by an administrative agency if that decision is supported by substantial evidence on the record as a whole. *Williams v. Blazer Financial Services, Inc.,* 598 F.2d 1371 (5th Cir. 1979); *Superior Oil Company v. FERC,* 563 F.2d 191, 204 (5th Cir. 1977). In this instance, evidence on the record demonstrated that Rao's intent to invest was ambiguous. Therefore, Rao's appeal is denied and the decision of the Board of Immigration Appeals is

AFFIRMED.