**PANCHO VILLA RESTAURANT, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF**
**LABOR, Defendant-Appellee.**

**Nos. 1034, 1035, Dockets**
**85–6312, 85–6348.**

United States Court of Appeals,
Second Circuit.

Argued April 2, 1986.

Decided July 21, 1986.

Howard L. Baker, New York City (Wilens & Baker, P.C., New York City, of counsel), for plaintiff-appellant.

Michael P. DiRaimondo, New York City (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Asst. U.S. Atty., of counsel), for defendant-appellee.

Before OAKES, MESKILL and NEWMAN, Circuit Judges.

OAKES, Circuit Judge:

Conflicting determinations of the United States District Court for the Eastern District of New York relating to applications for alien labor certification filed by Pancho Villa Restaurant, Inc. ("Pancho Villa"), which, not surprisingly, serves Mexican food, are appealed here. Judge Charles P. Sifton, in Docket No. 85–6312 ("*Pancho Villa I*"), held that the decision of the Secretary of Labor to deny two applications for alien labor certification pursuant to section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(14) (1982), "appears arbitrary and without rational basis." In the second case, Docket No. 85–6348 ("*Pancho Villa II*"), then District Judge Frank X. Altimari upheld the denial of another such application. We agree with Judge Altimari that the Secretary did not act arbitrarily or capriciously or abuse his discretion in finding that a one-year minimum experience requirement for a Mexican specialty cook was unnecessary and that the restaurant had failed to show that it was unable to train a cook who lacked any experience. Indeed, the restaurant hired and trained the three aliens whose applications are at issue here when they had no experience as Mexican specialty cooks.

In 1983 Pancho Villa filed three applications seeking certification for three alien employees as specialty cooks for Mexican foods such as "Tacos, Enchiladas, Burritos, etc." The applications show that the aliens were paid $250 per week for a forty-hour week. Pancho Villa also informed the Department of Labor ("DOL") that it had employed two cooks and had sales of $337,560 in 1982, while in 1983 it had employed three cooks and had annual sales totalling $488,175.

In February 1984 the DOL certifying officer issued a "Notice of Findings" in each case that Pancho Villa had not documented that its requirements for the job

opportunity were the minimum necessary for the performance of the job and that it had not hired or it was not feasible for it to hire workers with less training or experience as mandated by 20 C.F.R. § 656.-21(b)(6) (1986). In each case the certifying officer found that the alien had no prior experience before his employment and insisted that Pancho Villa document why it was not now feasible to train a United States worker. In response to these Notices of Findings, the restaurant argued that in 1977 when it opened for business in Huntington, Long Island, it had time to train inexperienced cooks, but business had increased to a point where it was no longer feasible to train someone without at least one year of experience. It also resubmitted its 1981/82 and 1982/83 annual sales data, arguing from these figures that it no longer had the time to train inexperienced cooks. In April, 1984, the certifying officer issued final determinations that Pancho Villa had not "adequately document[ed] why it is not feasible for [it] to train a U.S. worker at this time."

These decisions were affirmed by two administrative law judges. In a "Decision and Order" involving one of the aliens in *Pancho Villa I*, the ALJ found, "Employer has not shown why it can not train a new person with a staff of the three cooks when it was able to do so with a staff of two" and that "employer has not demonstrated that its business would suffer if an inexperienced cook were to join the staff." He made almost identical findings as to the other alien in *Pancho Villa I*. The ALJ in *Pancho Villa II* stated,

If it is assumed that all of the cooks are responsible equally for the preparation and cooking of all the food which is sold by the Employer, then an analysis of the figures presented by the Employer shows that each cook who is currently working for the Employer is responsible for the preparation and cooking of approximately the same amount of food as was his counterpart in 1981.

Subsequently, the restaurant filed complaints in the United States District Court for the Eastern District of New York seeking review of the final decisions of the Secretary based upon the ALJs' conclusions. Judge Sifton found in *Pancho Villa I* that "the wholly conclusory statement of the ALJ in denying the certification that '[e]mployer has not shown why it was not able to train a new cook with three cooks when it was able to do so with only two' appears arbitrary and without rational basis," and that the ALJ's finding that the one-year minimum experience requirement was unnecessary because an inexperienced person could be trained was "arbitrary and unconvincing." As we have already stated, Judge Altimari held otherwise.

By virtue of section 212(a)(14), Congress sought to exclude aliens competing for jobs that American workers could fill. *Ming Wang v. INS*, 602 F.2d 211, 213 (9th Cir. 1979); *Mehta v. INS*, 574 F.2d 701, 704 (2d Cir.1978); S.Rep. No. 748, 89th Cong., 1st Sess. 15, *reprinted in* 1965 U.S.Code Cong. & Ad.News 3328, 3333–34. The DOL has adopted regulations requiring an employer to conduct a systematic recruitment of domestic workers. *See* 20 C.F.R. § 656.21 (1986). Failure to comply with these regulations may result in a denial of the labor certification. *See* 20 C.F.R. § 656.24(b)(1) (1986). We agree with the United States Court of Appeals for the District of Columbia that the scope of review of a denial of an alien labor certification is limited to a determination under section 706(2)(A) of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (1982), as to whether the decision was " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " *Pesikoff v. Secretary of Labor*, 501 F.2d 757, 761 n. 5 (D.C.Cir.) (quoting section 706(2)(A)), *cert. denied,* 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974); *see also Seo v. U.S. Department of Labor*, 523 F.2d 10, 12–13 (9th Cir.1975). In making this determination, we examine only the administrative record. *Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 841–42 (D.C.Cir.1976).

We agree with the Secretary that Judge Sifton erred in finding the ALJ's decision "appear[ed]" to be arbitrary; Pancho Villa

simply did not meet its burden of proving its entitlement to an exemption. *See Mehta,* 574 F.2d at 706. The restaurant's own figures indicate that each cook in 1983 had less work per sales volume than in the previous year. Thus, the employer presented insufficient evidence of a change in circumstances such that it could not train an inexperienced cook with three experienced cooks in 1983. Even if we interpret Judge Sifton's questionable use of the word "appears" to mean "is" arbitrary, we think the Secretary's finding that the employer has not shown that its business would suffer if an inexperienced cook joined the staff was rational and not an abuse of discretion. Judge Sifton also found the Secretary's determination that one year's experience was unnecessary to be "arbitrary and unconvincing." Because all three aliens were hired with no experience and because the employer failed to show that inexperienced cooks could not be trained, the Secretary acted rationally in concluding that one year's experience was not the employer's actual minimum requirement. Judge Sifton in effect impermissibly substituted his judgment for that of the Secretary by making his own factual determinations based upon a reevaluation of the record. Judge Altimari, on the other hand, correctly upheld the ALJ's determination. Appellant's contention that the DOL lacks authority to promulgate regulations pursuant to section 212(a)(14) is wholly without merit.

Judgment in Docket No. 85–6312 reversed; judgment in Docket No. 85–6348 affirmed.