MATTER OF KENNEDY

In Exclusion Proceedings

A-13455180

*Decided by Board April 3, 1969*

An alien who enters the United States while he has an appeal pending from an exclusion order is considered to have abandoned his appeal, leaving the exclusion order in effect.

EXCLUDABLE: Act of 1952—Section 212(a)(3) [8 U.S.C. 1182(a)(3)]—Prior attack of insanity.

Act of 1952—Section 212(a)(22) [8 U.S.C. 1182(a)(22)]— Departed from or remained outside United State to avoid or evade training or service in armed forces in time of war or national emergency.

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]— Immigrant—no valid visa or entry document in lieu thereof.

ON BEHALF OF APPLICANT:
James F. Flynn, Esquire
208 Bellingham Nat'l Bank Bldg.
Bellingham, Washington 98225
(Brief filed)

ON BEHALF OF SERVICE:
B. G. Greenwald
Trial Attorney
(Memorandum filed)

The merits of this appeal will not be considered since, for technical reasons, it is considered abandoned. The case will be returned to the Service.

The applicant, a 22-year-old single male, a native and citizen of Canada, was admitted as an immigrant on December 2, 1963. He applied for readmission to the United States from Canada on December 26, 1967. He was paroled and subsequently given a hearing in exclusion proceedings. The Service charged he was excludable on the grounds stated in the caption. The Service charged that he departed from the United States in January 1966 to Canada with the intention of abandoning his residence in the United States and for the purpose of evading service in the armed forces, and that he had been hospitalized for a mental condition

in the United States from January 18, 1968 to February 16, 1968. On November 19, 1968, the special inquiry officer ordered the applicant excluded on the second and third charges set forth in the caption. The applicant appealed.

On January 23, 1969, before his appeal was decided, the applicant entered the United States to comply with the request of his local draft board that he present himself. He had planned to enter at the port where his case was known, but weather conditions caused him to enter at a different port, where he alleges he was admitted upon informing the inspecting officer that he had been ordered to report by the draft board. The nature of his admission is not clear, but it is certain that he was not paroled into the United States. He is now in Canada.

An alien who enters the United States while he has an appeal pending from an exclusion order is considered to have abandoned his appeal, leaving the exclusion order in effect. *Matter of A— P—*, 8 I. & N. Dec. 178; see *Matter of Estrada-Betancourt*, 12 I. & N. Dec. 191; *Matter of A—*, 9 I. & N. Dec. 356 (BIA 1961). There is, therefore, no appeal pending before us. The case will be returned to the Service.

Counsel has informed the Board that the alien desires a consideration of his case upon its merits rather than on the basis of his inadvertent violation of immigration regulations. In view of this desire, the complete record which was created, and the seemingly inadvertent nature of his illegal return, it would not be inappropriate for the alien to apply for readmission [1] in accordance with the provisions of 8 CFR 212.2, then apply for entry, seeking to have the record previously created, and brought up-to-date, as the basis for a decision on the merits of his new application to enter.

**ORDER:** In accordance with the foregoing, it is ordered that the record be returned to the Service.

---

[1] The applicant was a person who had been excluded from the United States at the time he reentered on January 23, 1969. He would, therefore, appear to be inadmissible under section 212(a)(16) of the Act (8 U.S.C. 1182(a)(16)) as one who sought admission within one year from the date of his exclusion and deportation without having obtained the consent of the Attorney General for his reapplication for admission.