**Kiranchandra BHAKTA and Tara Bhakta, Petitioners,**

**v.**

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 80–7663.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 1981.

Decided Oct. 21, 1981.

As Modified on Denial of Rehearing Jan. 21, 1982.

Michael D. Ullman, Frank & Greenberg, Inc., Beverly Hills, Cal., for petitioners.

Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before ELY and NORRIS, Circuit Judges, and PECKHAM,* District Judge.

NORRIS, Circuit Judge.

Kiranchandra Bhakta and his wife entered the United States in June 1973. They overstayed their visas, and after a deporta-

tion hearing in November 1977, they were told to depart from the country on or before April 22, 1978. Subsequent to the deportation proceeding, Bhakta's brother's Immigrant Visa Petition was approved, and Bhakta became the beneficiary of a fifth preference visa. Accordingly, on May 1, 1979, he filed a Motion to Reopen Deportation Proceedings, in order to apply for a change to permanent resident status. On October 1, 1979, his motion was denied by the Immigration Judge on the ground that Bhakta was ineligible to adjust his status because he had engaged in unauthorized employment. This appeal is from the Board of Immigration Appeals' affirmance of that decision.

According to 8 U.S.C. § 1255(c), the section of the Immigration and Nationality Act which governs adjustments in an alien's status, "[t]he provisions of this section shall not be applicable to ... an alien ... who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status." The disqualification provision in § 1255(c) became effective on January 1, 1977.

Bhakta purchased the Freeway Motel in Anaheim, California shortly after entering the country in 1973, and continues to own and operate it. Bhakta contends that his self-employment does not constitute "unauthorized employment" for the purpose of the disqualification provision in § 1255(c). He argues that the disqualification provision is designed to prevent aliens from filling jobs for which there are citizen or authorized alien aspirants. Bhakta works in his own enterprise and provides employment for several citizen workers.[1] Bhakta points to the INS's official position that one who qualifies as a business investor under 8 C.F.R. § 212.8(b)(4)[2] does not engage in

---

* The Honorable Robert F. Peckham, Chief United States District Judge for the Northern District of California, sitting by designation.

1. Bhakta's assertion in his brief that he provides employment for American workers in his enterprise is not controverted by the Government.

2. 8 C.F.R. § 212.8(b)(4) provided in pertinent part:

  (b) Aliens not required to obtain labor certifications. The following persons are not considered to be within the purview of section 212(a)(14) of the Act and do not require a labor certification: ...

unauthorized employment for the purpose of § 1255(c). *See In re Lett*, B.I.A. Int. Dec. No. 2776, slip op. at 3 (March 18, 1980) (management of an investment by one qualified as a business investor does not constitute employment). Bhakta concedes that he has not been deemed a business investor by the INS—his request in 1974 was denied because he did not have the one year of experience or training required by 8 C.F.R. § 212.8(b)(4)—but argues that by analogy to the business investor distinction his management of his business should not be deemed to be unauthorized employment.

 We agree. With the business investor provision, the INS recognizes that certain types of activity for profit do not adversely affect employment opportunities for legitimate aspirants in the labor pool. We need not determine whether Bhakta is a business investor under the applicable regulations—that issue is not before us. We merely analogize to that status in noting that Bhakta's operation of his enterprise does not reduce the number of jobs for citizen or authorized alien workers. It would not serve the purposes of the statute to hold that Bhakta's management of his investment is unauthorized employment. As we noted in *Yiu Tsang Cheung v. INS*, 641 F.2d 666, 670 (9th Cir. 1981), "[t]he investor-manager competes with other entrepreneurs to sell goods and services, but he does not compete directly in the market as a skilled or unskilled laborer." Bhakta is much more like a business investor than a laborer, in that he has contributed "financial ability, fiscal courage, economic awareness, leadership, business acumen and common sense" to his enterprise. *See id.* We think Bhakta's position is distinguishable from that of the optometrist in *Yiu Tsang Cheung.* As we noted in that case, the professional "competes directly with all other professionals similarly employed in such practice. Labor, not capital, is the mainstay of his profession, and in most circum-

stances it is the size of his clientele and not the amount of his investment that permits him to take on associates." *Id.* Bhakta, to the contrary, is an entrepreneur, not a professional. His success depends not on the value of his professional services, but rather on the prudent management of the going business in which he has a substantial capital investment.

Given the INS's recognition that an investor-manager does not cause the harm that the disqualification provision seeks to prevent, we hold that the INS may not, in considering Bhakta's application for an adjustment of status, deem his management of his business enterprise to be "unauthorized employment" for the purpose of § 1255(c). His job and the jobs of the American citizens he employs exist solely because of Bhakta's investment of capital and the business acumen required to manage a successful enterprise; he "takes" jobs from no one.

REVERSED and REMANDED.

(4) an alien who establishes on Form I–526 that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested, or is actively in the process of investing capital totaling at least $10,000, and who establishes that he has had at least 1 year's experience or training qualifying him to engage in such enterprise. . . .