**Nimal WETTASINGHE and Nita Wettasinghe, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 81–3637.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 21, 1983.

Decided March 25, 1983.

Eugenia Hauber (argued), Guy C. Guckenberger, Cincinnati, Ohio, for petitioners.

Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, Robert Kendall, Jr. (argued), Lauri Steven Filppu, Washington, D.C., for respondent.

Before MERRITT, KENNEDY and MARTIN, Circuit Judges.

MERRITT, Circuit Judge.

This is a petition for review of an order of the Board of Immigration Appeals, affirming the Immigration Judge's Order of voluntary departure or deportation of the Petitioners. The Judge found that petitioner Nimal Wettasinghe was deportable, because he was employed in the United States in violation of his student status. Because there is sufficient evidence to support the Board's finding of unauthorized employment, we affirm the deportation order.

Petitioners have been in this country pursuant to a non-immigrant student visa since

December, 1975. The regulations governing student visas prohibit a student from engaging in off-campus employment in the United States, either for an employer or independently, unless he has permission from the Immigration and Naturalization Service (INS). 8 C.F.R. § 214.2(f)(6). Such unauthorized employment is considered a violation of student status and renders the alien deportable. 8 U.S.C. § 1251(a)(9) (1970).

In February, 1979, Mr. Wettasinghe bought a fleet of six ice cream trucks. The trucks were leased to individuals for the purpose of selling ice cream on the streets. Wettasinghe purchased ice cream for the trucks and stocked them on a daily basis. He drove the trucks only if a driver was unavailable. In addition to the rental charge, he received a percentage of the ice cream sales made by the lessees. He never sought permission for his work from the INS. Petitioner does not contest these facts but argues that his ice cream business was not employment under the meaning of the Immigration and Nationality Act (INA). Rather, he contends that his conduct was more akin to that of an investor, and since students are not prohibited from investing, he should not be deported.

The INA contains no definition of the term employment, and there are few decisions from the Board or the courts dealing with what constitutes employment under that Act. Petitioners rely heavily on a Ninth Circuit decision, *Bhakta v. INS,* 667 F.2d 771 (1981). *Bhakta* involved the issue of whether an alien's ownership and operation of a motel constituted unauthorized employment which would preclude adjustment of his status to that of permanent resident alien. The Ninth Circuit held that in the context of a status adjustment an investor-manager's activities should not be considered unauthorized employment. The provision forbidding adjustment of status to that of permanent resident alien for one who has engaged in unauthorized employment is intended to protect the American labor market from competition by non-resident aliens. Entrepreneurial investors do not compete with American labor, and in many cases actually provide jobs for Americans. Thus, the Ninth Circuit concluded, refusing adjustment of status to aliens who had made investments would not further the purposes of that provision of the INA.

We do not believe the *Bhakta* decision is applicable to the case at bar for several reasons. First, Wettasinghe does not seek a status adjustment; he is opposing deportation based on the alleged violation of his student status. The prohibition against unauthorized employment for students does not serve the same purposes as that relating to status adjustments. Aliens with student status are forbidden to work in order to insure that those who seek entry into the country to pursue educational opportunities in fact do so full time. The protection of American labor is not the primary goal of that provision. Second, 8 C.F.R. § 214.2(f)(6) explicitly prohibits unauthorized self-employment by students as well as employment by another. Third, there was abundant support for the Immigration Judge's finding that Wettasinghe in fact participated in the day to day running of his business by buying the ice cream, stocking the trucks and driving in an emergency, and was thus more than an investor-manager.

In short, the purpose and language of the regulations pertaining to student employment and the facts of this case provide ample evidence to support the Immigration Judge's finding of unauthorized employment, and we therefore affirm his Order of voluntary departure or deportation.