James Oluwole OLANIYAN and Kudirat Adebisi Olaniyan, Petitioners,

v.

DISTRICT DIRECTOR, IMMIGRATION and NATURALIZATION SERVICE, Respondent.

No. 84–2597.

United States Court of Appeals, Tenth Circuit.

July 22, 1986.

Phillip Leon, P.A., Wichita, Kan., for petitioners.

Richard K. Willard, Acting Asst. Atty. Gen., Richard M. Evans, Asst. Director, Office of Immigration Litigation, and Robert Kendall, Jr., Atty., Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before McKAY, BREITENSTEIN,* and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

Mr. and Mrs. Olaniyan are natives and citizens of Nigeria. Mr. Olaniyan entered the United States in 1978 as a nonimmigrant student and Mrs. Olaniyan entered the United States in 1980 as the spouse of a nonimmigrant student pursuant to § 101(a)(15)(F)(i) and (ii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(15)(F)(i) and (ii) (Supp.1985). Both Mr. and Mrs. Olaniyan were authorized by the Immigration and Naturalization Service (INS) to remain in the United States for the duration of their admission status. In 1983, Mr. Olaniyan requested permission from the INS to work in the United States. The Service denied his request. Thereafter, both Mr. and Mrs. Olaniyan obtained employment in Wichita, Kansas, without the authorization of the INS.

In 1984, after a hearing was held pursuant to section 242(b) of the Act, 8 U.S.C. § 1252(b) (Supp.1985), the immigration judge found petitioners deportable under section 241(a)(9) of the Act, 8 U.S.C. § 1251(a)(9) (1977), for failing to comply with the condition of their admission into the United States as nonimmigrants. They appeal from the Board of Immigration Appeals' (BIA) affirmance of that order.

* Honorable Jean S. Breitenstein was assigned to the panel in this case but did not participate in this decision.

Petitioners raise two issues in this case: (1) whether they were properly found to be deportable under section 241(a)(9); and (2) whether the immigration judge, the BIA, or this court has jurisdiction to review the district director's denial of Mr. Olaniyan's request for employment authorization.

## I. Propriety of Deportability Finding

■ Mr. and Mrs. Olaniyan raised the first issue mentioned above in their brief but failed to discuss it. Nonetheless, we agree with the INS that petitioners were properly found to be deportable because they failed to comply with their conditions of admission. Noncompliance was established both by admission and documentary evidence.

■ Acceptance of unauthorized employment in violation of nonimmigrant status renders an alien deportable under section 241(a)(9) of the Act. *See Pilapil v. INS,* 424 F.2d 6 (10th Cir.), *cert. denied,* 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970); *Ghorbani v. INS,* 686 F.2d 784 (9th Cir. 1982); *Wettasinghe v. INS,* 702 F.2d 641 (6th Cir.1983), *see also* 8 C.F.R. § 214.1(e) (1985) (any unauthorized employment by a nonimmigrant constitutes a failure to maintain status within the meaning of section 241(a)(9)).

## II. Jurisdiction

The immigration judge held that he had no authority to review the district director's decision denying Mr. Olaniyan permission to seek employment, and he refused to permit evidence on this issue. The BIA, on appeal, held that neither the immigration judge nor the BIA had authority to review this discretionary decision. The second issue raised by petitioners, then, poses two questions: whether this decision can be reviewed by the immigration judge in the deportation hearing; and, if it is not reviewable, whether this court has jurisdiction to review it on appeal.

■ Adjudications of applications for permission to obtain employment are matters solely for the administrative consideration and determination of the district di-rector. The immigration judge and the BIA do not have jurisdiction to make any determination as to the propriety of the district director's decision. 8 C.F.R. § 214.-2(f)(11) (1985), provides:

DECISION ON APPLICATION FOR ... PERMISSION TO ... ACCEPT ... EMPLOYMENT.... The district director shall notify the applicant of the decision and, if the application is denied, of the reason or reasons for the denial. *The applicant may not appeal the decision.*

(emphasis added). Courts of appeals have authority to determine whether the immigration judge and BIA have correctly interpreted the regulations governing their jurisdiction. *Unification Church v. Attorney General,* 581 F.2d 870, 877 (D.C.Cir.), *cert. denied,* 439 U.S. 828, 99 S.Ct. 102, 58 L.Ed.2d 122 (1978). However, it is clear that the conclusion reached by the BIA and the immigration judge is reasonable, particularly in light of the deference due to an agency construing its own regulations. *Sadegh-Nobari v. INS,* 676 F.2d 1348, 1350 (10th Cir.1982); *Tooloee v. INS,* 722 F.2d 1434, 1436 (9th Cir.1983); *Ghorbani v. INS,* 686 F.2d 784, 791 (9th Cir.1982); *Dast-malchi v. INS,* 660 F.2d 880, 891 (3rd Cir. 1981).

Regarding our jurisdiction, the INS argues that section 106(a) of the Act, 8 U.S.C. § 1105a(a) (Supp.1985), which vests courts of appeals with jurisdiction to review all final orders of deportation entered pursuant to administrative proceedings under section 242(b) of the Act, does not empower this court to review "collateral" matters to deportation proceedings, such as the district director's denial of permission to obtain employment. The Supreme Court has discussed the jurisdiction of courts of appeals pursuant to section 106(a) on four occasions. In *Foti v. INS,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), the Court concluded that section 106(a) review extends not merely to the bare finding of deportability, but also to "all determinations made during and incident to the administrative proceeding conducted by a special inquiry officer, and reviewable togeth-

er by the Board of Immigration Appeals...." *Id.* at 229, 84 S.Ct. at 314. Thus, in *Foti*, a request for a suspension of deportation made during a section 242(b) proceeding fell within the exclusive jurisdiction of the court of appeals. In *Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964) (per curiam), the Court held that the BIA's denial of a request to reopen section 242(b) proceedings was appealable under section 106(a). In *Cheng Fan Kwok v. INS*, 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968), the Supreme Court indicated that an expansive reading of section 106(a) was inappropriate. In that case, a Chinese seaman was found deportable and requested a stay of deportation. After his request was denied, the seaman petitioned the Third Circuit Court of Appeals for review of the denial of the stay. Regarding the circuit court's jurisdiction, the Supreme Court stated: "We hold that the judicial review provisions of § 106(a) embrace only those determinations made during a proceeding conducted under § 242(b), including those determinations made incident to a motion to reopen such proceedings.[16]" *Id.* at 216, 88 S.Ct. at 1976. However, footnote 16 of *Cheng Fan Kwok* provides:

> We intimate no views on the possibility that a court of appeals might have "pendent jurisdiction" over denials of discretionary relief, where it already has before it a petition for review from a proceeding conducted under § 242(b). *See Foti v. Immigration Service, supra,* [375 U.S.] at 277, n. 14 [84 S.Ct. at 313, n. 14].

392 U.S. at 216, 88 S.Ct. at 1976. Moreover, in *INS v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), the Court stated that the term "final orders" in section 106(a), " 'includes all matters on which the validity of a final order is contingent, rather than only those determinations actually made at the hearing' " (quoting *Chadha v. INS*, 634 F.2d 408, 412 (9th Cir. 1980)).

▮ The difficulty lies in determining when an issue renders a final order "contingent" and is thus within the ambit of our jurisdiction. The deportation hearing was directly affected by the district director's decision denying Mr. Olaniyan permission to obtain employment. Had the district director granted such permission, Mr. Olaniyan would not have been deportable. However, unlike the circumstances in *Chadha*, where only a *legal* issue was involved, here there is definitely a need for a *factual* hearing equivalent to that required by § 242(b). Before we can properly review the district director's decision, a factual record must be developed. *Tooloee v. INS,* 722 F.2d 1434, 1437 (9th Cir.1983) (post-*Chadha* decision recognizing that courts of appeals have jurisdiction to review matters not directly decided in the § 242(b) proceedings, *i.e.*, contingent matters, only where there has been a factual hearing on the issue equivalent to that required by § 242(b), or where such a hearing is unnecessary). If there exists a record of any proceedings that led the district director to his decision, it is not part of the record on appeal. Thus, this case is not an appropriate one for us to review a district director's decision. We have no authority on appeal from a § 242(b) proceeding to order the immigration judge to develop a factual record inasmuch as he cannot review the district director's decision. Mr. Olaniyan must bring an original action in the district court to litigate the contention that the district director abused his discretion and to develop a factual record.

The availability of review of the district director's decision in the district court precludes a due process challenge to the lack of appellate jurisdiction in this court on appeal from a § 242(b) deportation decision. As the Ninth Circuit said in *Tooloee*:

> [A]dministration actions of the District Director are reviewable in the district courts by declaratory judgment actions, by habeas corpus proceedings, and by requests for injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 702 (1982), or under 8 U.S.C. § 1329 (1982).

722 F.2d at 1438.

▮ In sum, the current state of the law concerning review of deportation decisions

is that, if the tests are met for review by this court under section 106(a) of the Act, the district court has no jurisdiction to review such issues. *Salehi v. District Director, INS*, 796 F.2d 1286 (10th Cir.1986). If the issues do not meet the jurisdictional tests of section 106(a), we have no authority to review them under auspices of that section, and exclusive jurisdiction for initial review of those issues lies in the district court.

 Applying the principles set out herein, we conclude that we have no jurisdiction to review directly the decision of the district director because the issues involved are factual in nature. Any review of that decision must be sought in the first instance in the district court. We do, however, have the jurisdiction to review the immigration judge's deportation decision, which is fully supported by the record. The deportation decision is therefore affirmed. The automatic stay is hereby dissolved.