## MATTER OF LODGE

### In Deportation Proceedings

### A-20112431

*Decided by Board December 22, 1987*

(1) Oral argument is heard at the discretion of the Board of Immigration Appeals and will not be granted unless the party appealing has specified the reasons for the appeal in some meaningful fashion.

(2) The appealing party is not relieved of the responsibility for meaningfully informing the Board of the reasons for the appeal simply by requesting oral argument in the Notice of Appeal (Form I-290A).

(3) Where the Notice of Appeal is conclusory and does not meaningfully apprise the Board of the issues on appeal, the appeal may be summarily dismissed under 8 C.F.R. § 3.1(d)(1-a)(i) (1987) even in cases where oral argument has been requested.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(9) [8 U.S.C. § 1182(a)(9)]—Crime involving moral turpitude

ON BEHALF OF RESPONDENT:  
Aaron I. Maltin, Esquire  
1501 Broadway, Suite 1912  
New York, New York 10036

ON BEHALF OF SERVICE:  
William F. Jankun  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated April 16, 1986, an immigration judge found the respondent deportable based on his own admissions, denied his applications for adjustment of status and voluntary departure, and ordered him deported to Jamaica. The respondent appealed. Oral argument before the Board is denied. The appeal will be dismissed.

In his Notice of Appeal (Form I-290A), the respondent, through counsel, states the following as the reason for his appeal: "Decision not based on evidence adduced and discretion is warranted." The respondent requested oral argument and stated that he would be filing a written brief or statement. He requested additional briefing time following receipt of the records. A transcript of the proceedings was prepared and served on counsel and the respondent was

granted additional time to prepare his brief. However, no brief has ever been submitted.

In *Matter of Valencia*, 19 I&N Dec. 354 (BIA 1986), we held that where only a generalized statement of the reason for an appeal is given in the Notice of Appeal and no separate brief is filed, the appeal may be summarily dismissed under 8 C.F.R. § 3.1(d)(1-a)(i) (1987) for failure to adequately specify the reasons for the appeal. In this case, unlike in *Matter of Valencia*, the respondent did request oral argument. However, we find *Matter of Valencia* still to be controlling. *See Bonne-Annee v. INS*, 810 F.2d 1077 (11th Cir. 1987); *Townsend v. United States Department of Justice, INS*, 799 F.2d 179 (5th Cir. 1986); *Reyes-Mendoza v. INS*, 774 F.2d 1364 (9th Cir. 1985). Simply indicating on the Notice of Appeal that oral argument is desired does not relieve the respondent of the responsibility for meaningfully informing the Board of the reason for the appeal. We note in this regard that oral argument may be heard in a case at the discretion of the Board. 8 C.F.R. § 3.1(e) (1987). The purpose of oral argument is to aid the Board by emphasizing and clarifying arguments that have already been identified as being at issue in the case. Oral argument will not be granted if the party appealing has not specified the reasons for the appeal in some meaningful fashion, ordinarily by a brief or statement in support of the appeal. It should be self-evident that oral argument is not an alternative mechanism for initially identifying for the Board and the opposing party the reasons for the appeal. Where the basis for the appeal has not been meaningfully identified, the fact that oral argument is requested will not preclude an appeal from being summarily dismissed under the provisions of 8 C.F.R. § 3.1(d)(1-a)(i) (1987). In the present case the respondent's Notice of Appeal is conclusory and does not in any way apprise the Board of the particular basis for his claim that the immigration judge's decision is wrong. The case is appropriate for summary dismissal.

ORDER: The appeal is summarily dismissed under the provisions of 8 C.F.R. § 3.1(d)(1-a)(i) (1987).