## MATTER OF KEYTE

### In Exclusion Proceedings

A-27261877
A-27261878
A-27261879
A-27261880
A-27261881

*Decided by Board February 28, 1990*

Departure from the United States by an applicant for admission in exclusion proceedings after the taking of an appeal from the immigration judge's order denying admission does not constitute withdrawal of the appeal.

EXCLUDABLE: Act of 1952—Sec. 212(a)(14) [8 U.S.C. § 1182(a)(14)]—No valid labor certification

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANTS:
Stephen D. Quinn, Esquire
735 Bishop Street
Honolulu, Hawaii 96813

ON BEHALF OF SERVICE:
Melainie Fitzsimmons
425 Dillingham Transportation Building
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated April 22, 1986, the immigration judge found the applicants excludable as charged and ordered them deported from the United States. The applicants have appealed from that decision. The appeal will be dismissed.

On appeal, the Immigration and Naturalization Service discloses that after filing this appeal, the applicants departed from the United States on September 16, 1986. They returned on April 1, 1987, and again sought admission as nonimmigrant visitors and were again placed in exclusion proceedings. The Service further notes that the applicants subsequently departed from the United States on August 10, 1987, and returned to New Zealand. The Service maintains that the applicants' conduct constitutes a withdrawal of the appeal. We disagree. The filing of a written withdrawal of the appeal would have

rendered final the decision of the immigration judge to the same extent as if no appeal had been taken. *See* 8 C.F.R. § 3.4 (1989). However, no valid withdrawal has been submitted.[1] The applicants' departure in and of itself does not necessarily constitute a withdrawal of the appeal. The last sentence of 8 C.F.R. § 3.4 (1989), which by its terms applies only to a person "who is the subject to deportation proceedings" is not controlling. The departure pending appeal of an alien who has been stopped at the border and ordered excluded is not necessarily incompatible with a design to prosecute the appeal to a conclusion. Furthermore, we do not consider the applicants' appeal to be moot, since a resolution of the appeal adverse to the applicants would still have legal consequences. *See* section 212(a)(16) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(16) (1982). We note that the cases cited by the Service, *Matter of G-B-*, 6 I&N Dec. 159 (BIA 1954) and *Matter of Kennedy*, 13 I&N Dec. 242 (BIA 1969), for the proposition that the applicants, by their conduct, have withdrawn their appeal are distinguishable because these cases involve an alien's admission to this country subsequent to an appeal of an exclusion order.

In spite of our finding that the appeal has not been withdrawn, we need not reach its merits. In their Notice of Appeal (Form I-290A) the applicants stated as their reason for the appeal that the decision of the immigration judge was unfair. The applicants indicated that they would submit a brief in support of their case. On August 7, 1987, a copy of the transcript of the proceeding was mailed to the applicants but no brief has yet been submitted. The applicants have offered only a generalized statement of their reason for the appeal and have neglected to specify whether the alleged error in the immigration judge's decision lies with his interpretation of the facts or his application of legal standards. We therefore conclude that the appeal should be summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) (1989). *See Matter of Holguin*, 13 I&N Dec. 423 (BIA 1969); *see also Matter of Lodge*, 19 I&N Dec. 500 (BIA 1987); *Matter of Valencia*, 19 I&N Dec. 354 (BIA 1986).

> **ORDER:** The appeal is summarily dismissed.

---

[1] We note that there is correspondence from a family friend stating that the applicants wished to withdraw their appeal, but there is no evidence that the applicants, who have been represented throughout these proceedings by an attorney, authorized their friend to take such action.