# MATTER OF OKOH

## In Exclusion Proceedings

### A-28333422

### *Decided by Board August 29, 1994*

The Board of Immigration Appeals has no jurisdiction over an alien's motion to reconsider its prior decision in exclusion proceedings after the order is executed and the alien has been excluded and deported from the United States. *Matter of Keyte*, 20 I&N Dec. 158 (BIA 1990), distinguished.

EXCLUDABLE: Act of 1952—Sec. 212(a)(2)(A) (i)(II) [8 U.S.C. § 1182(a)(2)(A) (i)(II)]—Controlled substance violation

ON BEHALF OF APPLICANT:  
Alton G. Rose, Esquire  
168-43 Hillside Avenue  
Jamaica, New York 11432

ON BEHALF OF SERVICE:  
Craig A. Harlow  
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

In a decision dated November 19, 1992, an immigration judge noted that the applicant had previously been found excludable under section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (Supp. IV 1992); found her statutorily ineligible for relief under section 212(c) of the Act; and ordered her excluded and deported from the United States. The Board affirmed the immigration judge's decision in an order dated March 22, 1993. Through counsel, the applicant filed a request for a stay of deportation and a motion for reconsideration in November 1993. The Board denied the stay request in an order dated December 2, 1993. The applicant was excluded and deported from the United States on December 14, 1993. The Immigration and Naturalization Service opposes the motion to reconsider.[1]

We find that we lack jurisdiction to act on the motion. *See generally* 8 C.F.R. § 3.1(b) (1994); *Matter of G- y B-*, 6 I&N Dec. 159 (BIA

---

[1]The Service incorrectly characterizes the motion as a motion to reopen. *See Matter of Cerna*, 20 I&N Dec. 399, 402-3 (BIA 1991), *aff'd*, 979 F.2d 212 (11th Cir. 1992).

1954). In the instant case, the Board issued an order dismissing the applicant's appeal on March 22, 1993. The filing of a motion to reopen or a motion to reconsider does not stay the execution of any decision in a case or extend a previously set departure date. *See* 8 C.F.R. § 3.8(a) (1994). The applicant's departure pursuant to the Board's March 22, 1993, order of exclusion and deportation executed that order and brought the exclusion proceedings to finality. We note that under section 106(c) of the Act, 8 U.S.C. § 1105a(c) (1988), an exclusion or deportation order "shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order." *See Castaneda v. INS*, 23 F.3d 1576, 1581 (10th Cir. 1994); *Roldan v. Racette*, 984 F.2d 85, 89-90 (2d Cir. 1993); *Joehar v. INS*, 957 F.2d 887, 889-90 (D.C. Cir. 1992); *Saadi v. INS*, 912 F.2d 428 (10th Cir. 1990); *Quezada v. INS*, 898 F.2d 474, 476-77 (5th Cir. 1990); *McGuire v. INS*, 804 F. Supp. 1229, 1231-32 (N.D. Cal. 1992); *cf. Marrero v. INS*, 990 F.2d 772 (3d Cir. 1993); *Juarez v. INS*, 732 F.2d 58, 59-60 (6th Cir. 1984); *Mendez v. INS*, 563 F.2d 956, 958 (9th Cir. 1977) (interpreting "departed" in the context of the statute to mean a "legally executed" departure).

In *Matter of Keyte*, 20 I&N Dec. 158 (BIA 1990), we held that the departure from the United States by an applicant for admission in exclusion proceedings after the taking of an appeal from the immigration judge's order denying admission does not in and of itself constitute withdrawal of the appeal. The instant case is distinguishable from *Matter of Keyte*. In *Keyte*, the aliens filed an appeal from an immigration judge's decision ordering them excluded and deported from the United States. While their appeal was pending, the aliens departed from the United States in September 1986. When they returned in April 1987 and sought admission as nonimmigrant visitors, they were again placed in exclusion proceedings. They thereupon departed from the United States in August 1987. As we noted in *Keyte*, "[t]he departure pending appeal of an alien who has been stopped at the border and ordered excluded is not necessarily incompatible with a design to prosecute the appeal to a conclusion." *Id.* at 2.

In *Matter of Keyte, supra*, the aliens' direct appeal from an immigration judge's order was pending when they departed. In contrast, the applicant's direct appeal in the instant case was adjudicated by the Board, which affirmed the immigration judge's decision ordering him excluded and deported from the United States; the applicant was excluded and deported pursuant to that order. On these facts, the applicant's motion for reconsideration became moot when

the Board's order was executed and she was excluded and deported. The holding in *Matter of Keyte, supra,* is limited to cases involving the pendency of a direct appeal.

Aliens in exclusion proceedings have fewer substantive rights than aliens in deportation proceedings. *See Landon v. Plasencia,* 459 U.S. 21 (1982). Any departure from the United States of an alien who is the subject of *deportation* proceedings, occurring after the making of a motion to reconsider or a motion to reopen, constitutes a withdrawal of such motion. 8 C.F.R. § 3.2 (1994). In our view, it would be anomalous to find that an alien in *exclusion* proceedings could pursue a motion to reopen or reconsider following the alien's exclusion and deportation from the United States. In this regard, we note that the absence of a reference to exclusion proceedings in 8 C.F.R. § 3.2 (1994) is not surprising or determinative, as there similarly is no express reference to motions to reopen or reconsider in exclusion proceedings in 8 C.F.R. § 3.8 (1994) or in the principal regulations regarding exclusion proceedings. *See* 8 C.F.R. §§ 236.1-236.9 (1994).

Accordingly, the following order will be entered.

**ORDER:** The record is returned to the Office of the Immigration Judge without further Board action.