**GUAN CHU, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

No. 06–3546–ag.

United States Court of Appeals,
Second Circuit.

June 1, 2007.

Guan Chu, pro se, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Jeffrey J. Bernstein, Senior Litigation Associate; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Washington, D.C. for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Guan Chu, a citizen of the People's Republic of China, seeks review of a June 29, 2006 order of the BIA summarily dismissing her appeal from the April 14, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel denying Chu's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Guan Ghu a.k.a. Juan Zhao a.k.a. Guan Chu,* No. A 76 999 988 (B.I.A. June 29, 2006), *aff'g* No. A 76 999 988 (Immig. Ct. N.Y. City Apr. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, 8 C.F.R § 1003.1(d)(2)(i)(A) permits the BIA summarily to dismiss an appeal where the party concerned fails to adequately specify the reasons for the appeal. It may also summarily dismiss where the appellant fails to file a brief within the time set for filing after indicating an intent to do so, or to explain such failure. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E); *Singh v. Gonzales,* 416 F.3d 1006 (9th Cir.2005); *Matter of Valencia,* 19 I. & N. Dec. 354 (BIA 1986); *Matter of Lodge,* 19 I. & N. Dec. 500 (BIA 1987). This Court has not articulated the standard of review it applies to the BIA's decision to dismiss summarily a case under 8 C.F.R. § 1003.1(d)(2)(i). Some of our sister circuits have adopted the abuse of discretion standard. *See, e.g., Singh,* 416 F.3d at 1009; *Rioja v. Ashcroft,* 317 F.3d 514, 515 (5th Cir.2003); *see also Nazakat v. INS,* 981 F.2d 1146, 1148 (10th Cir. 1992). Others have simply addressed whether the BIA appropriately exercised its power under the regulations. *See Athehortua–Vanegas v. INS,* 876 F.2d 238 (1st Cir.1989); *Awe v. Ashcroft,* 324 F.3d 509, 513 (7th Cir.2003); *Bayro v. Reno,* 142 F.3d 1377, 1379 (11th Cir.1998). Regardless, the question of the appropriate standard for review need not be decided here, as the BIA's decision withstands scrutiny under either an abuse of discretion or *de novo* standard.

In the instant case, the BIA did not abuse its discretion in dismissing Chu's case for failing to apprise it of the reasons underlying the appeal. *See* 8 C.F.R. § 3.1(d)(2)(i)(A) (2003) (recodified at 8 C.F.R. § 1003.1(d)(2)(i)(A) (2005)); *Matter of Valencia,* 19 I. & N. Dec. 354, 355 (BIA 1986). Chu failed to mention much less challenge the IJ's adverse credibility determination, or to challenge the IJ's finding of a lack of nexus or otherwise identify the reasons for taking an appeal. Moreover, Chu was represented by legal counsel below. Under these circumstances, the BIA appropriately dismissed Chu's appeal. Because we conclude that the BIA was correct in deciding that Chu failed sufficiently to apprise it of the basis for her appeal, we do not reach its decision with regard to her failure to file a brief.

For the foregoing reasons, the petition for review is DENIED.