Osmar **JIMENEZ–BARRERA,**
Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–77110.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2009.

Filed Oct. 28, 2009.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

AZP–District Director, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Richard M. Evans, Esquire, Assistant Director, Nancy Ellen Friedman, Trial, Elizabeth Young, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Trina A. Realmuto, American Immigration Law Foundation, Washington, DC, Amicus Curiae.

Before: FERNANDEZ and THOMAS, Circuit Judges, and ALDRICH,* District Judge.

---

* The Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

## MEMORANDUM **

Osmar Jimenez–Barrera petitions for review of a Board of Immigration Appeals ("BIA") dismissal of an appeal of a denial of a motion to reopen by an immigration judge ("IJ"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

Jimenez–Barrera was ordered removed *in absentia* by an IJ. His new counsel filed a motion to reopen and a motion to stay proceedings, which were denied by the IJ, and a motion for reconsideration. While the reconsideration motion was pending, the government removed Jimenez–Barrera to El Salvador. The IJ subsequently denied the motion to reconsider. Jimenez–Barrera appealed the IJ's decision. The government notified the BIA that it had removed Jimenez–Barrera from the country and requested dismissal of the appeal. The BIA dismissed the appeal, citing 8 C.F.R. § 1003.4 and the doctrine of mootness.

The BIA erred in relying on 8 C.F.R. § 1003.4. That regulation states in relevant part that:

> Departure from the United States of a person who is the subject of deportation or removal proceedings ... subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

■ By its terms, the regulation applies only to departures occurring "subsequent to the taking of an appeal." Here, Jimenez–Barrera was forcibly removed *before* filing an appeal, so the regulation by its plain terms does not apply to his case.

The government concedes that § 1003.4 does not apply, but argues that there are other regulations that might apply. In reviewing a decision of the BIA, however, we consider only the basis for decision given by the BIA, not the analysis the government wishes the BIA would have employed. *Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir.2004). Our precedent requires that we must decline to invent a new basis for sustaining the BIA's decision, and we express no opinion on the viability of the government's new argument.

The other rationale given by the BIA for dismissal of the appeal is that the appeal was rendered moot by the government's removal of Jimenez–Barrera, citing *In re Luis–Rodriguez,* 22 I. & N. Dec. 747 (BIA 1999). *Luis* held that "where a controversy has become so *attenuated* or where a change in the law or an action by one of the parties has *deprived an appeal or motion of practical significance,* considerations of prudence *may* warrant dismissal of an appeal or denial of a motion as moot." *Id.* at 753 (emphasis added). *Luis* does not stand for the proposition that a forcible removal of a petitioner from the United States by the government automatically moots a pending appeal. In fact, the holding in *Luis* was that the departure of the petitioner in that case did not moot the appeal. *Id.* at 754; *see also Matter of Bulnes–Nolasco,* 25 I. & N. Dec. 57 (BIA 2009) (holding that an alien's departure based on an *in absentia* removal order does not necessarily deprive an IJ of jurisdiction to decide a motion to reopen); *In re Morales,* 21 I. & N. Dec. 130, 147 (BIA 1995) (noting that removal does not necessarily render an appeal moot); *Matter of*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Keyte,* 20 I. & N. Dec. 158, 159 (BIA 1990) ("The departure pending appeal of an alien who has been stopped at the border and ordered excluded is not necessarily incompatible with a design to prosecute the appeal to a conclusion.").

It is reversible error where the Board fails to exercise its own discretion, contrary to existing regulations. *Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005). The BIA's finding of forcible removal was insufficient, by itself, to support its determination that the appeal was moot under the *Luis* "practical significance" standard. Because it failed to consider whether the forcible removal of Jimenez–Barrera actually "deprived [his] appeal ... of practical significance," the BIA abused its discretion dismissing the appeal.

The government does not respond to petitioner's argument that the appeal still had practical significance after Jimenez–Barrera's removal. It relies only on the regulations pertaining to withdrawal of appeal after departure. However, this conflation was specifically rejected by the BIA in *Luis* wherein the BIA devoted considerable analysis differentiating between the two bases for dismissal. 22 I. & N. Dec. 747 at 752–54.

Because the BIA relied on an inapplicable regulation and an erroneous legal conclusion that forcible removal automatically and categorically renders a pending appeal moot, we must grant the petition and remand for further proceedings. We need not, and do not, reach any other issue urged by the parties.

**PETITION GRANTED; REMANDED.**